Surdam *v.* Lyman.

---

ISAAC SURDAM *v.* ELISHA LYMAN.

*Note. Payment.*

The plaintiff agreed with the defendant to take in payment of his account an order of D. & Co. for hardware, when accepted by the drawee, and asked D. & Co. for the order, but they sent their note instead, which the plaintiff did not treat or receive as payment, but sent the note to New York; when finding that he could not get the hardware upon it, he immediately returned it to D. & Co. *Held,* that he did not thereby discharge the defendant.

BOOK ACCOUNT. At the February Term, 1863,—KELLOGG, J., presiding,—judgment was rendered upon the report of the auditor, for the plaintiff. Exceptions by the defendant.

The facts found by the auditor are sufficiently stated in the opinion.

*H. Canfield*, for the defendant.

*T. Sibley*, for the plaintiff.

PIERPOINT, J. It appears from the report, that it was agreed between the plaintiff and the defendant that if the defendant would pay the plaintiff for the articles charged in his account, in an order for such hardware as the plaintiff used in his business, at New York wholesale prices, such payment should discharge the account.

It was understood between them, that the order was to be drawn by the Douglass Manufacturing Co., and if accepted by the drawee, the plaintiff was to take it in payment, otherwise not.

The defendant arranged with Douglass & Co. to pay the plaintiff his debt in hardware, but paid no further attention to the matter.

Douglass & Co. sent to the plaintiff requesting him to furnish a memorandum of the hardware he wanted, that they, Douglass & Co., might send to New York for it. The plaintiff declined, and asked for an order. This Douglass & Co. did not furnish. Further negotiation took place between the plaintiff and Douglass & Co. in relation to the matter, and finally Douglass & Co. sent the plaintiff their note. This the plaintiff sent to New York, but finding he could not get the hardware upon it, immediately returned it to Douglass & Co. They, in the mean time, had failed. The auditor finds that the plaintiff did not receive the note from Douglass & Co. in payment of his debt against the defendant. He also finds, that the plaintiff had no knowledge that Douglass & Co. had entered the amount of the plaintiff's debt against the defendant, to his, the plaintiff's, credit on Douglass & Co.'s books, and charged the same to the defendant, and never assented to it.

We think it quite clear from the facts as found by the auditor, that the plaintiff is entitled to recover. He has not been paid either by the defendant or Douglass & Co. He never agreed to

treat Douglass & Co. as his debtor, and discharge the defendant. And by the terms of the agreement made in the beginning, the plaintiff only agreed to take an order, and treat it as payment, when it was accepted. No such order was furnished the plaintiff, either by the defendant or Douglass & Co. The fact that the plaintiff sent the note of Douglass & Co. to New York, to see if it could be made as available there as an order, cannot have the effect to conclude him and discharge the defendant. The plaintiff was under no obligation to take the note in payment, and the auditor expressly finds that he did not, and we can not say, in the face of such finding, that such must be the effect of the transaction, as a matter of law.

Judgment affirmed.